UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

**FELIX A. PRICE**                                              **CASE NO. 13-10157**

DEBTOR                                                          CHAPTER 7

**MEMORANDUM OPINION**

Debtor Felix A. Price has moved to alter or amend the court's March 22, 2013 oral ruling dismissing his chapter 7 case.[1]  The court denies the debtor's motion.

Price is confined at the Louisiana State Penitentiary ("LSP") at Angola, Louisiana.  His petition for relief under chapter 7 was filed February 5, 2013.[2]  He also filed a Motion for Temporary Waiver of Credit Counseling [P-5] alleging that he had been unable to obtain credit counseling[3] in the five days before the bankruptcy filing but that exigent circumstances supported his receiving a 30-day waiver of the pre-petition credit counseling requirement.[4]

The court heard the *pro se* debtor's motion for temporary waiver of the credit counseling requirement by video connection to LSP on March 22, 2013.  Mr. Price explained that he had written to a credit counseling agency to try to obtain counseling before mailing his bankruptcy petition to the court, though he did not specify the date of his request.  Price claimed one agency

---

[1]  The Clerk entered the order dismissing the case on March 25, 2013 [P-19].

[2]  The debtor's schedules [P-6] listed Price's sole liabilities as debts for court costs owed to a single creditor, the 19th Judicial District Court for East Baton Rouge Parish, State of Louisiana.  However, Price testified that he also owed filing fees to the clerk of a federal district court he did not specify.

[3]  An individual must complete credit counseling before filing bankruptcy to be eligible to be a chapter 7 debtor. 11 U.S.C. §109(h)(1).

[4]  Temporary exemptions from obtaining credit counseling are allowable as specified in the statute.  11 U.S.C. §109(h)(3)(A).

returned his correspondence explaining that he could not obtain the counseling by mail but could complete it by telephone with advance payment of $45, which he could not afford.[5] Price shrugged off the court's explanation that Price may be eligible for counseling at no cost, testifying that LSP officials would not give him access to a telephone to make a toll-free call for the counseling in any event.

The debtor offered no documentary evidence at the hearing of his effort to obtain credit counseling before he filed the bankruptcy petition.

## ANALYSIS

1) *Price failed to show he was entitled to a temporary waiver of credit counseling at the March 22, 2013 hearing*

Bankruptcy Code section 109 empowers the bankruptcy court to grant a temporary waiver of the pre-filing credit counseling requirement to an individual debtor unable to complete the counseling before filing bankruptcy if the debtor files a certification that:

   i.  describes the exigent circumstances that merit a waiver of the requirements of paragraph [109(h)] (1);

   ii. states that the debtor requested credit counseling services from an approved … credit counseling agency, but was unable to obtain the services referred to in paragraph [109(h)] (1) during the 7-day period beginning on the date on which the debtor made the request; and

   iii. is satisfactory to the court.[6]

Price did not establish his eligibility for a waiver at the March 22, 2013 hearing. First, Price's incarceration alone is not an exigent circumstance justifying a temporary waiver under §109(h)(3)(A)(i). *See In re Bourgeois*, 2013 WL 1164420 (8th Cir. BAP March 22, 2013); *In re*

---

[5] Price apparently did not know that approved credit counseling agencies will provide counseling without regard to a prospective debtor's ability to pay a fee. 11 U.S.C. §111(c)(2)(B).

[6] 11 U.S.C. §109(h)(3)(A).

*Bristol*, 2009 WL 238002 (E.D.N.Y February 2, 2009); *In re Halfpenny*, 2010 WL 4261223 (Bankr. E. D. Pa. October 22, 2010); *In re Larsen*, 399 B.R. 634 (Bankr. E. D. Wis. 2009) and *In re Rendler*, 368 B.R. 1 (Bankr. D. Minn. 2007). Second, Price's March 22 testimony that he had tried but failed to obtain pre-petition credit counseling did not satisfy section 109(h)(3)(A)(ii). The debtor offered no evidence of the date he requested credit counseling, much less his inability to obtain counseling within seven days after his request.

Consequently, Price did not establish that he was entitled to a temporary waiver of credit counseling so the court properly denied his motion and dismissed his case because he was not eligible for relief under chapter 7 when he filed. 11 U.S.C. '109(h)(1).

2) *Price has not shown that he is entitled to relief from the March 22, 2013 ruling under Federal Rule 59(e)*

Price now moves to reconsider the dismissal, reinstate his case and order state prison officials to give him an opportunity to use the telephone to obtain credit counseling. His motion alleges that before he submitted his petition, Price contacted two approved credit counseling agencies, A123 Credit Counseling ("A123") and Advantage Credit Counseling ("Advantage"). He attached to his motion (1) a copy of an "Inmate's Request for Legal/Indigent Mail" indicating that on August 6, 2012, he requested LSP officials to mail letters to A123 Credit Counselors and Advantage Credit Counseling; and (2) a copy of an "Offender Funds Withdrawal Request" bearing the same date asking that $2.80 for postage be taken from Price's inmate account.

According to Price's motion alter or amend judgment, A123 never replied to his mail and Advantage's August 10, 2012 reply stated that he needed to provide either a power of attorney or contact it by telephone to obtain credit counseling.[7] The motion also states that LSP officials told Price to contact the LSP legal programs department to obtain a notarized power of attorney

---

[7] The debtor did not attach to his motion any correspondence or other document from A123 or Advantage.

3

or to authorize an outside telephone line for contacting the credit counselors.[8]  Finally, the motion claims that LSP requires a prepaid account for inmates to use the prison's telephone system.

Price offered into evidence at the March 22, 2013 hearing neither his own documents nor any correspondence from a credit counseling agency.

Federal Rule of Bankruptcy Procedure 9023 makes applicable in bankruptcy courts Federal Rule of Civil Procedure 59(e), which governs alteration or amendment of a judgment. Rule 59(e) allows a party "to correct manifest errors of law or fact or to present newly discovered evidence," not to submit matters or evidence already known or available to the mover.  *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

The debtor's motion does not put forth any argument the court did not consider at the March 22, 2013 hearing; does not demonstrate that the court committed a manifest error of law in its March 22, 2013 ruling; and does not point to newly discovered evidence that justifies an alteration or amendment of the dismissal order. Thus Price has not established that he is entitled to relief under Rule 59(e).

An individual debtor must prove that he has satisfied all the elements of §109(h)(3)(A) to obtain a temporary waiver and extension of time to obtain credit counseling.  *See In re DiPinto*, 336 B.R. 693, 696 (Bankr. E. D. Pa. 2006).  The court's March 22, 2013 ruling considered the debtor's testimony explaining his efforts to obtain credit counseling and also took into account relevant case law in concluding that Price had failed to satisfy the three requirements for temporary waiver of credit counseling under section 109(h)(3)(A).

---

[8] Attached to the motion is a copy of debtor's August 19, 2012 letter to the LSP legal programs department asking for that assistance.  The motion recites that Price has not received a reply to the letter.

The debtor's motion to alter or amend now offers for the first time documents touching on his efforts to obtain credit counseling. Because Price possessed that information before the March 22, 2013 hearing, it is not newly discovered and will not support relief under Rule 59(e).[9]

Moreover, Bankruptcy Code section 109(h)(3)(A)(ii) requires a debtor seeking a temporary waiver to certify that he attempted to obtain credit counseling but was unable to obtain it *within seven days after the request*. Price's documentary evidence offered in connection with the motion to alter or amend judgment does not support a finding that he made any further attempts to obtain counseling in the nearly six months after early August 2012. Nor does it show that he specifically requested counseling and could not get it within the seven days following that request. Consequently, he has failed to make the certification required by section 109(h)(3)(A)(ii) and again has not established that he was entitled to a temporary waiver of credit counseling under 11 U.S.C. §109(h)(3). Thus, there is no basis for altering or amending the court's March 22, 2013 ruling.

Further, 11 U.S.C. '109(h)(3)(B) does not now afford any basis for the relief Price seeks. That provision allows a bankruptcy court to grant a post-petition extension of thirty days to obtain counseling for a debtor satisfying the requirements of section 109(h)(3)(A), with the possibility of a further extension of no more than fifteen days "for cause." The debtor's motion to alter or amend the judgment was filed more than 45 days post-petition so the court lacks the power to extend the period to obtain credit counseling.[10]

---

[9] The documents bear dates indicating that the debtor tried to obtain counseling in August 2012, six months before he filed his bankruptcy petition. Price made no mention of these dates in his testimony at the March 22, 2013 hearing.

[10] Equity does not require the "doing of a vain and useless thing." *In re Justice*, 224 B.R. 631, 636 (Bankr. S.D. Ohio 1998), citing *In re Bell & Beckwith*, 89 B.R. 632, 640 (Bankr. N.D. Ohio 1988).

CONCLUSION

Price has not established a basis for altering the March 22, 2013 judgment denying the temporary waiver of credit counseling or a basis for amending the judgment dismissing his case. The court will deny the debtor's motion to alter or amend judgment.

Baton Rouge, Louisiana, April 12, 2013.

<u>**s/Douglas D. Dodd**</u>
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE